UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES BERNARD CURRY,

                Plaintiff,

        v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                Defendant.
_____

**DECISION
and
ORDER**

**18-CV-06775F**
(**consent**)

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                             Attorneys for Plaintiff
                             KENNETH R. HILLER, and
                             MARY ELLEN GILL, of Counsel
                             6000 North Bailey Avenue, Suite 1A
                             Amherst, New York 14226

                             JAMES P. KENNEDY, JR.
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York 14202
                                    and
                             KATHRYN L. SMITH
                             Assistant United States Attorney, of Counsel
                             U.S. Attorney's Office
                             100 State Street
                             Rochester, New York 14614
                                    and
                             PRASHANT TAMASKAR
                             Special Assistant United States Attorney, of Counsel
                             Social Security Administration
                             Office of General Counsel
                             26 Federal Plaza – Room 3904
                             New York, New York 10278
                                    and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

AVNI DINESH GANDHI  
Special Assistant United States Attorney, of Counsel  
Social Security Administration  
Office of General Counsel  
61 Forsyth Street, S.W.  
Suite 20T45  
Atlanta, Georgia  30303

**JURISDICTION**

On October 7, 2019, the parties to this action, in accordance with a Standing Order, consented pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned. (Dkt. 14).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on May 6, 2019 (Dkt. 7), and by Defendant on June 26, 2019 (Dkt. 9).

**BACKGROUND**

Plaintiff James Bernard Curry ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on January 20, 2015, for Social Security Supplemental Income ("SSI") under Title XVI of the Act ("disability benefits").  Plaintiff alleges he became disabled on March 10, 2011, based on degenerative disc disease, and sciatica in his lumbar spine.  AR[2] at 164, 167.  Plaintiff's application initially was denied on February 17, 2015, AR at 65-68, and at Plaintiff's timely request, an administrative hearing was held on May 11, 2017, before

---

[2] References to "AR" are to pages of the Administrative Record electronically filed by Defendant on March 6, 2019 (Dkt. 6).

2

Administrative Law Judge ("ALJ") Michael W. Devlin in Rochester, New York, with Plaintiff, represented by Justine Goldstein, Esq., appearing and testifying. AR at 30-55. Vocational expert Joseph Atkinson ("the V.E."), also appeared and gave testimony. *Id.*

On August 3, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 12-28 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council, AR at 142-45. On August 28, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-6. On October 29, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On May 6, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum"). On June 26, 2019, Defendant moved for judgment on the pleadings (Dkt. 9) ("Defendant's Motion"), attaching the Commissioner's Brief in Support of the Commissioner's Motion for Judgement on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 9-1) ("Defendant's Memorandum"). Filed on July 17, 2019, was Plaintiff's Reply to Commissioner's Memorandum in Support (Dkt. 10) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

**FACTS**[3]

Plaintiff James Bernard Curry ("Plaintiff" or "Curry"), born October 3, 1971, was 29 years old as of March 10, 2001, his alleged disability onset date ("DOD"), and 45 years old as of August 3, 2017, the date of the ALJ's decision. AR at 22, 164. Plaintiff attended high school in regular classes through 10th grade, obtained a high school graduate equivalency degree ("GED"), in 1991, and completed some vocational training receiving an electrician's helper certificate, OSHA certificate, and video production certificate. AR at 35, 167. Plaintiff briefly worked as a fast food clerk, construction laborer, and packer at a glass plant, jobs at which Plaintiff was employed for, at most, six months, with his most recent employment ending in July 2001. AR at 168.

Plaintiff's disability benefits application is based on a back impairment Plaintiff attributes to a motor vehicle accident years ago. AR at 413. Plaintiff previously filed an application for Title XVI benefits in 2007, which was approved on August 13, 2009, with Plaintiff receiving benefits until the benefits were terminated in May 2014. AR at 16, 195. Plaintiff maintains his disability benefits were discontinued when Plaintiff was incarcerated for a period longer than 12 months, AR at 39, 195, whereas the ALJ attributes the discontinuation of Plaintiff's disability benefits to a subsequent medical review by the Commissioner who found Plaintiff had medically improved. AR at 16.

Plaintiff sought treatment for his back impairment from several physicians including, as most relevant here, David Cywinski, M.D. ("Dr. Cywinski"), with Finger Lakes Bone and Joint Center ("FLBJC"), an orthopedic physicians specialists group located in Canandaigua, New York. On May 2, 2017, Dr. Cywinski completed a Medical

---
[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

4

Source Statement (Physical) ("Dr. Cywinski's opinion"), AR at 521-22, on which Plaintiff's diagnosis was reported as L4-L5 disc extrusion (type of intervertebral disc herniation), causing pain that radiated into Plaintiff's right leg, and which prevented Plaintiff from full-time employment because Plaintiff cannot carry or lift heavy items, and cannot bend or stoop. *Id.* at 521. Dr. Cywinski opined Plaintiff's impairment would likely cause Plaintiff to be off-task more than 30% of a standard eight-hour work day, AR at 521, but was not likely to be absent or off-task if restrictions were met. AR at 522. Dr. Cywinski listed as restrictions the need to take unscheduled breaks, sit for two hours, stand or walk for four hours, and lifting and carrying were limited to 10 pounds and never more. AR at 522.

As of May 11, 2017, the date of the administrative hearing, Plaintiff lived in an apartment with three roommates. AR at 34. Plaintiff prepares quick meals and cleans up after himself. AR at 45. For transportation, Plaintiff either takes the bus or gets rides from family members. AR at 45-47. Plaintiff's sister helps with grocery shopping. AR at 45. Plaintiff never married and has no children. AR at 464, 473. Plaintiff maintains a good relationship with his father and one sister, and talks with his mother weekly. AR at 473. Plaintiff has previous work experience as a fast food clerk, glass packer, electrical wiring work, and construction work, but has not held any job since 2001. AR at 35-38, 168.

## DISCUSSION

**1. Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of

5

any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**2. Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

6

regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to

perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 12, 2014, his disability benefits application date, AR at 18, and suffers from the severe impairments of degenerative disc disease of the lumbar spine with sciatica and radiculopathy, disc herniation at the L4-S1 levels, and obesity, but does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1, *id.* at 18-19, that Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), with additional exertional and postural limitations including lift and carry no more than 10 pounds occasionally and no appreciable weight frequently, sit for up to six hours and stand or walk for up to two hours in an eight-hour workday, occasionally push or pull up to 10 pounds, occasionally climb stairs and ramps, balance, stoop, crouch, kneel and crawl, and never climb ladders, ropes or scaffolds. AR at 19-22. The ALJ determined Plaintiff has no past relevant work such that transferability of skills is not an issue, AR at 22, and is, based on his age of 43, a younger individual, with at least a high school education and able to communicate in English. AR at 22. The

ALJ further found Plaintiff, given his age, education, work experience, and RFC, could perform jobs that exist in significant numbers in the national economy including as a charge account clerk, document preparer for microfilming, and order clerk for food and beverage. AR at 22-24. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 24.

In support of his motion for judgment on the pleadings, Plaintiff argues the ALJ, by rejecting that portion of a medical opinion rendered by David Cywinski, M.D. ("Dr. Cywinski"), that Plaintiff, based on his medical impairments, would be off-task for more than 30% of a normal work-day, failed to apply the treating physician's rule, Plaintiff's Memorandum at 8-12, and the RFC determination was based on the ALJ's own lay opinion rather than on the medical evidence in the record. *Id.* at 12-14. In support of Defendant's Motion, Defendant argues the ALJ did not improperly discount Dr. Cywinski's opinion, and the RFC determination is supported by substantial evidence in the record. Defendant's Memorandum at 10-13. In further support of his motion, Plaintiff argues the ALJ engaged in *post hoc* rationalization in rejecting Dr. Cywinski's opinion instead of relying on Dr. Cywinski's interpretation of his own medical findings. Plaintiff's Reply at 1-3. Plaintiff's arguments, which challenge only the ALJ's RFC determination, are without merit.

In particular, generally, the opinion of a treating physician is entitled to significant weight, but is not outcome determinative and only entitled to controlling weight when "'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record.'" *Crowell v. Comm'r of Soc. Sec. Admin.*, 705 Fed.Appx. 34, 35 (2d Cir. 2017) (quoting *Burgess*,

9

537 F.3d at 128, and 20 C.F.R. § 404.1527(d)(2)). According to the *Burgess* factors, the ALJ must first decide whether an opinion is entitled to controlling weight. *Burgess*, 537 F.3d at 128. Where, however, the ALJ discounts a treating physician's opinion, the ALJ must set forth "good reasons" for doing so. *Burgess*, 537 F.3d at 129 (citing *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004)). The ALJ must "explicitly consider" the four *Burgess* factors, including "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (2) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013) (citing *Burgess*, 537 F.3d at 129). Here, the record establishes the ALJ sufficiently explained his reasons for giving Dr. Cywinski's opinion only partial weight.

In his May 2, 2017 opinion, Dr. Cywinski did indicate that Plaintiff would be "off-task" or "otherwise less productive" based on his severe conditions more than 30% of the time. AR at 521. The ALJ gave this opinion partial weight in light of Dr. Cywinski's specialty as an orthopedist, and a treatment relationship with Plaintiff since October 2007. AR at 21. Nevertheless, the ALJ found Dr. Cywinski's restrictions not fully supported by the treatment of record, including that Plaintiff, "overall," demonstrated full muscle strength of his lower extremities and negative straight leg raising tests ("SLR"). *Id.* at 21. The ALJ further noted the weight restrictions assessed by Dr. Cywinski were accommodated in the ALJ's RFC assessment. *Id.* Contrary to Plaintiff's arguments, Plaintiff's Memorandum at 9-10, Plaintiff's Reply at 2, the ALJ's determination that although Plaintiff had several positive SLRs, the SLRs were positive only on the right side and negative on the left side, and Plaintiff also had full muscle strength of his lower

extremities, AR at 21, is supported by substantial evidence in the record. Specifically, on December 22, 2014, SLR was "mildly positive on the right" and negative on the left. AR as 413. On December 30, 2014, and March 26, 2015, SLR was positive on the right and negative on the left. AR at 417, 419. On May 26, 2015, and August 21, 2015, Plaintiff had positive SLR on right, with no mention of the left. AR at 421, 423. At the August 21, 2015 examination, Plaintiff was prescribed Medrol Dosepak (corticosteroid used to treat and control inflammation associated with arthritis and other conditions) and physical therapy, and it was planned that if Plaintiff did not improve with the physical therapy, epidural injections would be considered. AR at 423. More than one year later, on September 27, 2016, and October 11, 2016, after undergoing physical therapy and taking Medrol Dosepak, Plaintiff had negative bilateral SLRs, was reported as "doing well enough at this time to do nothing further," and did not want to receive the epidural injections. AR at 425, 429. Although Plaintiff maintains the ALJ did not rely on Dr. Cywinski's September 27, and October 11, 2016 treatments records, Plaintiff's Reply at 2 ("the ALJ did not even *cite* these treatment notes; therefore Defendant's argument is an obvious *post hoc* rationalization") (italics in original), a plain reading of the ALJ's decision establishes the ALJ did reference these examinations at FLBJC, noting that after prescribing the Medrol Dosepak and physical therapy, Plaintiff did not seek treatment for his back and did not return to FLBJC for more than one year when Plaintiff returned to FLBJC in September 2016 with several follow-up visits until November 2016. AR at 22. Further, the ALJ observed that despite diagnostic imaging showing Plaintiff with degenerative disc disease, disc bulges and herniations, Plaintiff was repeatedly found to have full muscle strength in his lower extremities. AR at 22 (citing

AR at 413, 417, 419, 421, 425, 524). Moreover, the ALJ's rejection of Dr. Cywinski's opinion that Plaintiff would be off-task 30% of a normal workday is consistent with Dr. Cywinski's further opinion that Plaintiff would not be absent or off-task if the restrictions imposed by Dr. Cywinski were met. AR at 522. Significantly, such other restrictions, including sitting for two hours, standing or walking for four hours, and rarely lifting or carrying 10 pounds and never more, AR at 522, were largely incorporated into the hypothetical the ALJ posed to the V.E. AR at 52-54.

Accordingly, the ALJ adequately explained his reasons for nor affording controlling weight to Dr. Cywinski's opinion and did not violate the treating physician rule, nor did the ALJ improperly substitute his own, lay opinion in arriving at the RFC assessment which, as discussed above, is supported by substantial evidence in the record. As such, there is no merit to Plaintiff's arguments.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion (Dkt. 9) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     March 10th, 2020
                Buffalo, New York